**Michael and Carolyn COCHRAN, Individually and as Parents and Natural Guardians of Billy Cochran, a Minor, Plaintiffs,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant.**

**Civ. No. 95–3049.**

United States District Court, W.D. Arkansas, Harrison Division.

Dec. 21, 1995.

Frank H. Bailey, Mountain Home, AR, Cynthia MacPherson, Mountain Grove, MO, for Plaintiffs.

Tom Tatum, Tatum, Rife & Tatum, Danville, for defendant.

## MEMORANDUM OPINION AND ORDER

H. FRANKLIN WATERS, Chief Judge.

On this 21st day of December, 1995, came on for consideration the defendant's motion for protective order and the plaintiff's response thereto. St. Paul Fire and Marine Insurance Company is the insurer of Baxter County Regional Hospital. The defendant has requested an order limiting discovery and protecting it from being required to produce medication incident reports relating to the care and treatment of William Cochran and others on the grounds that those incident reports are privileged.

### Background.

This is a medical malpractice action brought as a result of the alleged negligent treatment of William "Billy" Cochran, a minor, at the Baxter County Regional Hospital during the early morning hours of December 31, 1993. Billy Cochran was admitted to Baxter County Regional Hospital on December 28, 1993, after he sustained injuries in an automobile accident. On December 30, 1993, Billy had surgery. At approximately 2:00 a.m. on December 31, 1993, he became nauseated. His doctor had on file an order for the administration of 50 mg. of Phenergan IM (intermuscularly) for nausea. The nurse administered the Phenergan IV (intravenously). Thirty minutes later Billy's mother called the nurses' desk because she was worried about his breathing. It is alleged that although Billy's condition was observed or checked between the hours of 2:30 a.m. and 7:30 a.m., no steps were taken to alleviate the effects of the drug. By 7:30 a.m. he was unable to be aroused. He was transferred to a hospital in Springfield where he spent 16 or 17 days in a coma. Plaintiffs contend that Billy Cochran suffered brain damage as a result of the erroneous IV injection of Phenergan.

The policy and procedures of Baxter County Regional Hospital require a "medication incident report" to be prepared and kept on file for any incident where medication is administered in a manner inconsistent with a physician's orders. The stated purposes are (1) "[t]o document and keep on file all incidents and circumstances surrounding unscheduled incidents occurring to patients" and (2) for "use as a tool for incident control and evaluation of the quality and safety of patient care."

The policy further states that "[a]n incident report is an administrative tool for loss prevention and is *NOT A PART OF THE MEDICAL RECORD.*" The fact that a medication incident report has been prepared is not to be stated on the patient's chart. However, "[a]ll medical treatment, before and after the incident, and the facts of the incident must be recorded on the nurses' notes of the patient medical record." The completed incident reports are forwarded to the nurse manager and then to the nursing office within 24 hours or as soon as possible.

The plaintiffs have made the following requests for production of documents:

1. Any and all incident reports pertaining to the admission, diagnosis, and/or treatment of William Cochran made or kept by Baxter County Regional Hospital in December, 1993, including, but not limited to, the Medication Incident Report generated by, and/or kept by Baxter County Regional Hospital pertaining to the IV injection of Phenergan at 2:00 a.m. on the morning of December 31, 1993;

2. Redacted copies, omitting the patient's name, of any Medication Incident Report, or other Incident Report, generated by Baxter County Regional Hospital, or its employees, pertaining to, or related to, the IV Administration of Phenergan during the twelve-month period preceding December 31, 1993.

Defendant has objected to the production of the incident report concerning Mr. Cochran on the following grounds: (1) the document is protected from disclosure by the privilege set forth in Ark.Code Ann. § 16–46–105(a); and (2) the document is protected from disclosure under Federal Rule of Civil Procedure 26(b)(3) because it was prepared in

anticipation of litigation.[1] With respect to any incident reports prepared concerning other patients, the defendant makes the same two arguments and additionally argues the records are not relevant and are privileged because they are records of other patients not parties to this action.

### Discussion.

■ The first argument raised by the parties is whether the medication incident report is confidential and nondiscoverable pursuant to Ark.Code Ann. § 16–46–105. It is defendant's contention that the incident report is an investigative report which is prepared by the administration to be processed by the quality assurance committee for purposes of quality and loss control and is thus protected under subsection (a) of § 16–46–105. Plaintiffs contend the incident report clearly falls within the exception of subsection (c) as it is an report kept with respect to a patient in the course of the business of operating the hospital.

Section 16–46–105 provides as follows:

(a) The proceedings, minutes, records, or reports of organized committees of hospital medical staffs or medical review committees of local medical societies having the responsibility for reviewing and evaluating the quality of medical or hospital care, and any records compiled or accumulated by the administrative staff of such hospitals in connection with such review or evaluation, together with all communications or reports originating in such committees, shall not be subject to discovery or admissible in any legal proceeding and shall be absolutely privileged communications. Neither shall testimony as to events occurring during the activities of such committees be admissible.

(b) Nothing in this section shall be construed to prevent disclosure of the data mentioned in subsection (a) of this section to appropriate state or federal regulatory agencies which by statute or regulation are entitled to access to such data, nor to prevent discovery and admissibility if the legal action in which such data is sought is brought by a medical practitioner who has been subjected to censure or disciplinary action by such committee.

(c) Nothing in this section or § 14–265–112 shall be construed to apply to original hospital medical records, incident reports, or other records kept with respect to any patient in the course of business of operating a hospital or to affect the discoverability or admissibility of such records.

Ark.Code Ann. § 16–46–105 (Repl.1994).[2]

Authority dealing with the interpretation of this statute is scant. The Arkansas Supreme Court addressed the statute in the case of *HCA Health Servs. of Midwest, Inc. v. National Bank of Commerce*, 294 Ark. 525, 745 S.W.2d 120 (1988). In that case the court held the trial court had erred when it permitted the introduction of material stemming from a post-incident disciplinary proceeding involving a nurse, Elaine Firestone. The nurse had been disciplined after the incident in question and a personnel action report, signed by a hospital department director and personnel director, reflected what had happened and noted a violation of nursing policy had occurred. The policy violation occurred because no nurse was in James Talley's room when his problem began. *Id.*, 294 Ark. at 534, 745 S.W.2d 120. A written reprimand was placed in Firestone's file.

Firestone appealed and filed a written response. "In her response, Firestone complained about the inadequate number of nurses on staff at the time of James's incident...." *Id.* This written response was introduced at trial over the objections of the hospital. The plaintiffs in the underlying case had argued the written response fell

---

1. The defendant has attached the incident report to its motion for a protective order. No request was made to file the document under seal and the court was not requested to conduct an in camera inspection. The document is therefore part of the public record. It appears defendant may very well have waived any privilege it had with respect to the document.

2. This statute has been amended twice since it was published in the cited volume. First, it was amended to change the internal reference in subsection (c) to § 20–9–308. *See Advance Code Service, Pamphlet Number 3, March, 1995.* Second, the text of subsection (a) has been amended by 1995 Ark. Acts 885.

within the exception stated in subsection (c) of § 16–46–105.

The Arkansas Supreme Court rejected this argument stating that:

> Firestone's response was not a medical record, incident report or other record *kept with respect to any patient* within the meaning of the language and intent of § 16–46–105(c), but instead it is a record filed with the administrative staff which became a part of a disciplinary action kept with respect to one of the hospital's personnel, *viz.*, Firestone. As such, the trial court should have excluded Firestone's written response as privileged communications as proscribed pursuant to § 16–46–105(a)....

*Id.*, 294 Ark. at 534, 745 S.W.2d 120.

The case was remanded for new trial. On appeal from the second trial, the Arkansas Supreme Court was again asked to address the breadth of the trial court's rulings under § 16–46–105. *National Bank of Commerce v. HCA Health Servs. of Midwest, Inc.*, 304 Ark. 55, 800 S.W.2d 694 (1990). At the second trial the hospital took the position that virtually everything any physician or hospital employee did or said at any time was protected by the privilege. *Id.*, 304 Ark. at 66, 800 S.W.2d 694. On appeal the plaintiffs argued the trial court had agreed with the hospital's overbroad application of the privilege. The court noted that the record did not support plaintiffs' position and pointed out various portions of the testimony which indicated the trial court had not so applied the statute.

Having considered the parties' arguments and the language of the statutory provision, we believe the medication incident report is discoverable under subsection (c) of § 16–46–105. It is clear that the report was not prepared by or at the direction of any organized committee for committee purposes. Nor does it appear that it was prepared or accumulated for the administrative staff in connection with such review or evaluation.

Rather, the policy and procedures of the hospital require such a report to be generated any time there is a variance between the physician's orders with respect to the administration of medication and the actual administration of the same. The reports are designed to contain contemporaneous statements of facts relating to any such incident. The reports are completed "by the staff person(s) involved in or observing the incident" and are to contain "clear, accurate information."

Subsection (c) provides that "incident reports ... kept with respect to any patient in the course of business of operating a hospital ..." are not protected from discovery under subsection (a). Subsection (c) does not require that the report in question be generated with respect to **every** patient in the course of business of operating the hospital; rather, it only requires that the report in question be kept with respect to **any** patient in the course of business of operating a hospital.

The incident reports are merely statements of fact. They contain no opinions of or conclusions reached by any administrative staff or review committee. While the forms do contain a section to check or list factors contributing to the incident and an area to include comments, those areas are also filled in by the staff person. Thus, the report itself does not reveal any information regarding evaluation or review by any committee or administrative staff.

■ Next, defendant argues the incident report was prepared in anticipation of litigation. In support, defendant states that since the document is prepared as an administrative tool for loss prevention and is not part of the medical records it is prepared in anticipation of litigation.

We reject this argument. Rule 26(b)(3) provides that the other side may not obtain "documents and tangible things otherwise discoverable ... prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative" except upon a "showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Fed. R.Civ.P. 26(b)(3). In the court's experience the question almost always boils down to

what was meant by the phrase "prepared in anticipation of litigation."

Professors Wright, Miller and Marcus in their treatise interpret the phrase as follows:

Thus, the test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work-product immunity for documents prepared in the regular course of business rather than for purposes of the litigation.

8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2024 at p. 343–46 (2d ed.1994) (footnotes omitted).

This court has had the opportunity to address this issue on a number of occasions in the last several years. We have consistently taken the position that a document or tangible item was gathered or prepared in anticipation of litigation only when the party investigating an incident put aside the routine investigation into such incident that is undertaken with respect to all such incidents and undertook a more thorough search or investigation because the prospect of litigation was identifiable and substantial.

Clearly when this test is applied to the medication incident reports, they are not protected from discovery under the provisions of Rule 26(b)(3). As we noted above, the incident reports are prepared in connection with every medication incident without regard to the possibility of litigation.

Finally, defendant argues the incident reports for other patients are not discoverable because they are not reasonably calculated to lead to the discovery of admissible evidence and are protected under Arkansas Rule of Evidence 503 dealing with patient privilege. Defendant informs the court that there are only two such records.

We also reject defendant's arguments with respect to these documents. The court cannot now say that the other incident reports will not be admissible evidence or lead to the discovery of admissible evidence. The defen-

dant's concern regarding the patient privilege is removed by the phrasing of plaintiff's document request. Plaintiff requests only redacted copies which omit the patient's name.

The defendant also asks the court to allow it to black out the name and title of the person discovering the incident, the name of the physician, the signature and title of the person involved in the incident, the section entitled analysis of the medication incident, the comment section, and the name of the department manager. The request is denied. Defendant has failed to show how this information is privileged or somehow exempt from disclosure.

### Conclusion.

Accordingly for the reasons stated, the defendant is directed to produce the incident report dealing with the plaintiff. Defendant's request that the information contained therein not be published without further order of the court is denied. As we noted, the defendant has attached the report to a document that was filed as part of the public record in this case.

Defendant is also directed to produce any incident reports called for in request for production of documents number two. However, defendant may redact or black out the name of the patient and any other identifying information regarding the patient. These documents shall be produced to the plaintiff but plaintiff shall not disseminate the same to any person or entity other than those directly involved in the instant case. Plaintiff will take all steps necessary to ensure the information contained on these reports remains confidential.

IT IS SO ORDERED.