In re Albert Curtis HUTCHINS, Jr.

Albert Curtis HUTCHINS, Jr., Plaintiff,

v.

FORDYCE BANK AND TRUST COMPA-
NY, FBT Bancshares, Inc., Roy McClain
and Does 1 through 10, Defendants.

Bankruptcy No. 96–50949 S.
Adversary No. 97–5025.

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

July 17, 1997.

David D. Coop, Little Rock, AR, Chapter 13 Trustee.

Stephen L. Gershner, Little Rock, AR, for debtor.

Janet Pulliam, Pamela Dixon, Little Rock, AR, for defendant.

### AMENDED ORDER GRANTING MOTION TO COMPEL

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the plaintiff's Motion to Compel Discovery filed on January 28, 1997, to which the plaintiff responded on March, 12, 1997. The debtor filed his Chapter 13 petition in bankruptcy on September 30, 1996. Approximately one week after the filing of the case, Fordyce Bank and Trust Company ("the bank") authorized attorneys to investigate and evaluate debtor's work performance.[1] Within one month of the filing of the bankruptcy case, by meeting held on October 30, 1996, the bank and FBT Bancshares, Inc. ("FBT") terminated debtor's employment contracts.[2] Accordingly, the debtor initiated this separate lawsuit stating causes of action for violation of the automatic stay, 11 U.S.C. § 362, and for discriminating against the debtor for his bankruptcy filing, 11 U.S.C. § 525. Other, state law, counts are also alleged. Accordingly, while federal law may limit the application of the privileges, *see* Fed.R.Evid. 501, the state law privileges are applicable in this case.

On December 11, 1996, the plaintiff propounded a discovery request to the defendants

*Plaintiff's Interrogatory No. 3:* Identify each document or other writing prepared by Pulliam Law Offices, P.A., in connection with the termination of Curtis Hutchins' employment agreement and for each such document state:

a. The name of the person(s) who prepared the document or writing;

b. The names of all person(s) receiving the document or writing;

c. The date the document or writing was prepared

*Response:* The following documents were prepared by Pulliam Law Offices, P.A.:

(1) a. Report for Defendant Fordyce Bank and Trust Co.

b. Pulliam Law Offices, P.A.

c. October 22, 1996

---

1. The attorneys hired to perform the investigation represent the defendants in this lawsuit. It appears to the Court that these attorneys are potential witnesses such that the attorneys should carefully consider their roles for trial in this matter.

2. While the Court makes no final determination at this juncture of the litigation, defendants' assertions that proper notice was given to the debtor are, at a minimum, disingenuous. For example, although notice was purportedly mailed sometime after 5:00 p.m. on October 29, 1996, the postmark on the mailing envelope is dated October 30, 1996. The debtor received the notice on October 31, 1996, the day after the meeting. In contrast, the other directors were given actual notice of the meeting. Further, the other directors' affidavits are significant in their omissions of fact. Although they swear that they "believed" the notices were mailed to them, and that they had actual notice of the meeting, they do not state the date they received the written notice.

(2) a. Report for Defendant Fordyce Bank & Trust Co.

b. Pulliam Law Offices, P.A.

c. October 22, 1996

The defendants refused to produce these documents, asserting the attorney-client privilege and the work product privilege.

Rule 26(b) provides in pertinent part:

(1) Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

\*      \*      \*

(3) Subject to the provisions of(b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. . . .

■ It is not disputed that the materials are relevant and discoverable unless privileged. Of course, the discovery rules, even when resolving conflicts between the needs of disclosure and confidentiality, are to be accorded broad and liberal treatment, particularly where, as here, issues of intent are involved. *Rollins v. Farris*, 108 F.R.D. 714, 718 (E.D.Ark.1985)(Waters, C.J.).

■ The Court rejects the invocation of the work-product privilege at the outset. There is no work-product immunity for documents prepared in the regular course of business. *Cochran v. St. Paul Fire & Marine Ins. Co.*, 909 F.Supp. 641, 644 (W.D.Ark. 1995). Neither the fact that the document is prepared by an attorney, *Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 180 (S.D.Ohio 1993), nor the fact that litigation eventually occurs, *Leonen v. Johns–Manville*, 135 F.R.D. 94, 97 (D.N.J.1990) brings the document within the ambit of the work product doctrine. Moreover, although the protection extends to a time before litigation, its scope is limited to that time in which "a real and substantial" possibility of litigation exists. *Guy v. United Healthcare Corp.*, 154 F.R.D. 172, 180 (S.D.Ohio 1993). Although the initial burden is upon the party seeking discovery, the defendants are required to provide some evidence underlying the belief that litigation is anticipated. *Itoba Ltd. v. LEP Group PLC.*, 930 F.Supp. 36, 43 (D.Conn.1996).

■ In the instant case, the documents were not prepared, as asserted by the defendants, "in anticipation of litigation." The mere fact that the debtor has pursued other law suits in the past is not sufficient reason to assert that any document prepared regarding his work performance was prepared in anticipation of litigation. The inference from the allegations in the complaint is that the document was prepared in anticipation of terminating the debtor's employment. The fact that the investigation and termination could have and, in fact, did lead to litigation, does not bring the documents within the ambit of "prepared in anticipation of litigation." While it is true that the investigation, report, and termination *created* litigation, they were not prepared *because* of any litigation. Indeed, litigation could be a possible outcome of any investigation into any business or its employees. The motive here was not to aid future litigation, but rather for the purported business purpose of evaluating the debtor's business performance. Interestingly, the defendants' position in this discovery dispute is at odds with their position in the litigation: if the documents were in fact pre-

pared in anticipation of litigation, then plaintiff's assertion that the defendants were seeking to terminate him not because of his performance, but because he had filed a bankruptcy case is arguably more probable.

Even if the doctrine applied, the Court finds that there is a substantial need for access to the report such that it must be produced. The results of the investigation, contained in the disputed reports, are the purported grounds for termination. The debtor has sued regarding this termination. The Court can imagine few documents in such litigation more crucial for discovery. The assertion of the work-product doctrine is not sufficient to dispose of the rights of the plaintiff to establish the elements of a claim of unlawful discrimination. *Cf. Rollins v. Farris,* 108 F.R.D. 714, 718 (E.D.Ark.1985). Like the Rollins case, it is the information contained in report that formed the basis of the action that was taken. Plaintiff is entitled to know what matters were considered and is entitled to ascertain the reasons for the action taken in order to prove his case. *Id.* at 718.

■ The Court also rejects the defendants' assertion of the attorney-client privilege. Plaintiff asserts that he is entitled to inspect the documents despite any cloak of privilege because he is a member of the class protected by the privilege. That is, he may inspect the documents without any breach of confidentiality. The Court agrees. There is no dispute that as of the date the report was prepared, October 22, 1996, plaintiff debtor was an officer and director of the defendant entities; the report was prepared by attorneys on behalf of the corporate entities, not merely certain members of the board. Accordingly, the debtor was entitled to review the documents, at least until October 30, 1996.[3] *Gottlieb v. Q.T. Wiles,* 143 F.R.D. 241, 246 (D.Colo.1992)("As the Chairman of the Board and Chief Executive Officer, he was squarely within the class of persons who could receive communications and work product from MiniScribe's counsel without adversely impacting the privileged or confiden-

tial nature of such material"); *Resolution Trust Corp. v. Adams,* No. 93–389–CIV–ORL–18, 1994 WL 315646 (M.D.Fla. Apr. 14, 1994)("If as a director, a Defendant was entitled to review reports or attorney product these documents do not suddenly become privileged because the Resolution Trust Corporation is now involved.").

■ Even were the debtor not entitled to view the documents as a board member, the documents do not appear, by the defendants' own assertions, to fall within the attorney-client privilege. The attorney-client privilege is invoked by a request for legal advice, as opposed to business advice and any advice given must be primarily legal as opposed to business in nature. *Itoba Ltd. v. LEP Group PLC.,* 930 F.Supp. 36, 42 (D.Conn.1996). The basis of the defense is that the debtor was validly terminated for cause. If the investigation was properly motivated, properly carried out, and the debtor terminated for the reasons in the report, then the report represents the valid exercise of the duties of the board in the conduct of the business. The document was therefore prepared for a business purpose, and, despite the fact that it was prepared by an attorney, it was not prepared for the purpose of obtaining legal advice.

Inasmuch as the defendants do not dispute the request for other documents described in the motion, those documents shall be produced.

**ORDERED** that the plaintiff's Motion to Compel Discovery filed on January 28, 1997, to which the plaintiff responded on March, 12, 1997, is GRANTED. Any files regarding other bank employees shall be kept confidential such that disclosure of the requested material is restricted, at this juncture, to those persons necessary to the prosecution of the case.

**IT IS SO ORDERED.**

---

**3.** The Court declines to determine, at this juncture in the case, whether the debtor received proper notice of the October 30 meeting and whether debtor was validly terminated as a director.